67 N.J. Super. 514 (1961)
171 A.2d 21
LOWER MAIN STREET MERCHANTS ASSOCIATION, A NON-PROFIT CORPORATION OF THE STATE OF NEW JERSEY, AND SPIRA CLOTHING CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFFS,
v.
PAUL GELLER & CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, AND GELLER CLOTHES CORP., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided May 11, 1961.
*515 Mr. Hillard Chapnick for the plaintiffs (Messrs. Krugman & Chapnick, attorneys).
Mr. Melvin N. Fine for the defendants.
Mr. Adolph A. Romei for the City of Paterson (Mr. Theodore D. Rosenberg, attorney).
GRIMSHAW, J.S.C.
The defendant Paul Geller & Co., Inc. has been for a number of years in the business of selling men's clothing at retail in the City of Paterson. In December of 1960 Paul Geller & Co. became financially embarrassed. A meeting of its creditors was held and as a result thereof it was agreed that they would accept a settlement of 35%, payable 20% in cash and 15% in notes. A new corporation, known as Geller Clothes Corp., was formed, the stockholders of which were the stockholders of Paul Geller & Co. and their wives.
On February 9, 1961 Paul Geller & Co. applied to the Board of Aldermen of the City of Paterson for a license to hold a "going out of business sale." This license was made necessary by reason of the provisions of an ordinance of the City of Paterson passed under the authority of N.J.S.A. 40:52-1 et seq. In its application for the license Paul Geller & Co. represented to the municipal authorities that the corporation was going out of business, that it would *516 leave the premises occupied by it at the conclusion of the sale, and that the sale was necessary because of financial reverses. The license was granted for a period commencing February 21, 1961 and to end on March 25, 1961.
Paul Geller & Co. advertised the sale extensively and stated publicly that its stock was to be liquidated. On the expiration of the license Paul Geller & Co. applied for an extension, which was denied. Thereafter the sale continued, the only difference being that the name "Paul" was removed from the advertisements, leaving Geller & Co., Inc. remaining.
The matter is before me on an application for an injunction restraining the continued carrying on of the sale and a permanent injunction to prevent the defendants from engaging in unfair competition.
The plaintiffs, Lower Main Street Merchants Association and the Spira Clothing Co., Inc., are competitors of the defendants, doing business in the City of Paterson. On motion the City of Paterson was granted leave to intervene.
This court does not as a rule interfere with businesses which are themselves legal. Where, however, the business is so conducted as to constitute unfair competition and fraud, the court will intervene, under its general equity powers, to prevent a continuance of what in effect amounts to a nuisance.
It is clear from the prospectus sent out by the Creditors Committee of Paul Geller & Co., that the defendants had no intention of going out of business nor did they intend simply to liquidate the stock then on hand as contemplated by the license.
The conduct of the defendants, in my opinion, is a fraud upon the City of Paterson and upon the general public, and their actions constitute a clear case of unfair competition. As a result, unless the defendants immediately take steps to inform the public of the change in the situation, and discontinue the distress sale, an injunction against their further operations will be granted.